| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1**<br><br>DENISE CARLON, ESQUIRE<br>KML LAW GROUP, P.C.<br>701 Market Street, Suite 5000<br>Philadelphia, PA 19106<br>215-627-1322<br>dcarlon@kmllawgroup.com<br>Attorneys for Secured Creditor<br>MidFirst Bank | **Order Filed on June 28, 2024<br>by Clerk,<br>U.S. Bankruptcy Court<br>District of New Jersey** |
| In Re:<br><br>Alma Sibila Blanco aka Alma Sibila Meza,<br>aka Alma Sibila Freire<br>Debtor | Case No.: 24-14810 SLM<br>Adv. No.:<br>Hearing Date: 7/24/2024 @ 8:30 a.m.<br><br>Judge: Stacey L. Meisel |

## ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO DEBTOR'S CHAPTER 13 PLAN

The relief set forth on the following pages, numbered two (2) through two (2) is hereby **ORDERED**

**DATED: June 28, 2024**

Honorable Stacey L. Meisel
United States Bankruptcy Judge

Page 2
Debtor:      Alma Sibila Blanco aka Alma Sibila Meza, aka Alma Sibila Freire
Case No.:    24-14810 SLM
Caption:     **ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO DEBTOR'S CHAPTER 13 PLAN**

This matter having been brought before the Court by KML Law Group, P.C., attorneys for Secured Creditor, MidFirst Bank, holder of a mortgage on real property located at 154 Sycamore Ave., N. Plainfield, NJ, 07060, Denise Carlon appearing, by way of objection to the confirmation of Debtor's Chapter 13 Plan, and this Court having considered the representations of attorneys for Secured Creditor and Francis P. Cullari, Esquire, attorney for Debtor, and for good cause having been shown;

It **ORDERED, ADJUDGED and DECREED** that Debtor is to obtain a loan modification by 11/1/2024, or as may be extended by modified plan; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Debtor is to make regular post-petition payments in accordance with the terms of the note and mortgage and applicable payment change notices while the loan modification is pending; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Trustee is not to pay the arrears while the loan modification is pending; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Secured Creditor does not waive its rights to the pre-petition arrears or any post-petition arrears that may accrue; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** in the event loss mitigation is unsuccessful, Debtor is responsible for the difference between the adequate protection payment and the regular payment for the months this loan was in the loan modification was pending; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that if the loan modification is not successful, Debtor shall modify the plan to otherwise address Secured Creditor's claim; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Secured Creditor's objection to confirmation is hereby resolved.